IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CLEOPHUS DULANEY,**

    **Plaintiff,**

    v.

**CITY OF COLUMBUS, OHIO, et al.,**

    **Defendants.**

**Case No. 2:16-cv-1080**
**Judge Michael H. Watson**
**Magistrate Judge Jolson**

### ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Cleophus Dulaney, an Ohio resident who is proceeding without the assistance of counsel, brings this action against the City of Columbus, Ohio, Elizabeth C. Brown, Mitchell Brown, Shannon G. Hardin, Zachary M. Klein, Jaiza N. Page, Michael Stinziano, Priscilla R. Tyson, Scott Measer, Christopher Presutti, and Randall L. Hipsher. (Doc. 1, Ex. 1). This matter is before the undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C . § 1915(a). Furthermore, having performed an initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims.

I.    **LEGAL STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing the Complaint, the Court must construe it in favor of Plaintiff, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. DISCUSSION

In Plaintiff's brief Complaint, he alleges that the City of Columbus enforces its City Code unequally, causing a deprivation of his rights. (Doc. 1-1, PAGEID #: 8). In order to plead a cause of action under 42 U.S.C. § 1983, a plaintiff must plead two elements: "(1) a deprivation of a right secured by the Constitution or law of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted). Stated simply, Plaintiff's Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. That is, the Complaint is devoid of any factual content that would allow the Court to draw the reasonable inference that Defendants are liable for the alleged violation of Plaintiff's rights. *Iqbal*, 556 U.S. at 678. Because the Complaint that consists of labels and conclusions, it is insufficient.

Further, Plaintiff's claim against the City of Columbus, Ohio, a municipality, is viable only under certain circumstances, none of which are alleged in the Complaint. *See, e.g.*, *Martin v. City of Broadview Heights*, No. 1:08-cv-2165, 2011 WL 3648103, at *8 (N.D. Ohio Aug. 18, 2011) ("To establish municipal liability, a plaintiff must meet one of several narrow theories that demonstrate the municipality's direct conduct in the deprivation of federal rights."). As to the individual Defendants, many appear to be officers or employees of the City of Columbus, who may enjoy immunity from Plaintiff's claims. *See, e.g.*, *Kohler v. City of Wapakoneta*, 381 F. Supp. 2d 692, 699–700 (N.D. Ohio 2005). And even if they aren't immune, Plaintiff must allege that each individual Defendant had "personal involvement" in the deprivation of his rights. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). Again, Plaintiff's Complaint fails to meet that standard. For these reasons, the Court will recommend dismissal of the Complaint.

## III. CONCLUSION

Based upon the foregoing, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. However, having performed an initial screen, for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or

modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.


Date: January 23, 2017                                      /s/ Kimberly A. Jolson
                                                                KIMBERLY A. JOLSON
                                                                UNITED STATES MAGISTRATE JUDGE